United States District Court
Middle District of Florida
Orlando Division

**MICHAEL DOYLE HARBIN,**

 *Plaintiff,*

v.             **NO. 6:15-CV-2132-ORL-28PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

---

## Report & Recommendation on
## Motion for Attorney's Fees Under Equal Access to Justice Act

 The Court earlier reversed the Commissioner of the Social Security Administration's denial of Michael Harbin's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Doc. 21. He now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of **$3947.82** in attorney's and paralegal's fees. Doc. 24. The Commissioner does not oppose the request. Doc. 24 at 3.

 The EAJA provides a court must award attorney's fees to a plaintiff who prevails in a non-tort case against the United States. 28 U.S.C. § 2412(a)(1) & (d)(1)(A). In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must allege the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner must show it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, on the fifth one, no equitable consideration is apparent or presented that would make an EAJA award unjust. Harbin prevailed because the Court ordered a sentence-four remand. Doc. 21. His March 6, 2017, request, Doc. 24, was timely because he filed it before the Court's judgment, Doc. 23, became final. He represents that his net worth did not exceed $2 million when he filed the case, Doc. 24 at 2, and the record does not suggest otherwise. His motion includes an allegation the Commissioner's position was not substantially justified, Doc. 24 at 2, and the Commissioner has not tried to show otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Harbin therefore is eligible to receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Paralegal's fees are recoverable under the EAJA "to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis omitted).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if the court provides enough information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting EAJA fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean,* 863 F.2d at 779–80.

3

Harbin is represented by Richard Culbertson, Esquire, and Sarah Fay, Esquire. He provides no information on their skills, experience, or reputation, or evidence to establish the prevailing rate in Orlando. According to the Florida Bar website, Culbertson has been admitted to practice law in Florida since 1991; Fay, since 2011. *See Find a Lawyer*, THE FLORIDA BAR, https://floridabar.org/ (last visited April 11, 2017). It is known in the legal community and reflected in their many appearances in social-security cases in this Court they specialize in social-security work.

Harbin requests an hourly rate of $190.27 an hour for attorney work performed in 2015, $192.67 an hour for attorney work performed in 2016 and 2017, and $75 an hour for paralegal work performed in 2016. Doc. 24 at 2, 8–10.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on my own knowledge and expertise, I recommend finding (1) the market rate in Orlando for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour and (2) the $75 requested rate for paralegal work is reasonable. This Court has adopted these findings in another recent case involving Culbertson, Fay, and a paralegal at their firm. *See Finnerty III v. Comm'r of Soc. Sec.*, No. 6:14-cv-2052-Orl-28KRS (January 7, 2016, report and recommendation at Doc. 24; January 27, 2016, order adopting report and recommendation at Doc. 25).

On the second step (determining whether to adjust the rate upward from $125), I recommend finding the increase in the cost of living justifies an upward adjustment from $125 based on the 52 percent increase in the cost of living for urban areas from March 1996 to 2015 and the 54 percent increase in the cost of living for urban areas from March 1996 to 2016. *See* Doc. 24 at 9–10; U.S. Dept. of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost?cu (last visited April 13, 2017).

Culbertson and Fay spent 13.9 hours on the case; the paralegal spent 17 hours on the case. Doc. 24 at 13–15. They provide a breakdown of the tasks they performed, when they performed them, and how long they took to perform them. Doc. 24 at 13–15. Attorney work included preparing the complaint, Doc. 1, working on a 15-page memorandum that set forth a thorough summary of the 736-page administrative record and well-reasoned and successful arguments, Doc. 16, responding to the Commissioner's objections to the report and recommendation, Doc. 20, and preparing the EAJA motion, Doc. 24. Paralegal work included reviewing the administrative record and working on the memorandum—work traditionally performed by an attorney. None of the work appears clerical or secretarial, and none appears excludable as duplicative or otherwise unnecessary. I recommend concluding the number of hours is reasonable.

Using the requested rates and number of hours, attorney's and paralegal's fees of **$3947.82** (2.2 attorney hours in 2015 x $190.27 = $418.59; 11.7 attorney hours in 2016 and 2017 x $192.67 = $2254.23; 17 paralegal hours x $75 = $1275; $418.59 + $2254.23 + $1275 = $3947.82) are reasonable.

An EAJA award is to the party, not his attorneys. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Because Harbin is eligible and his requested attorney's and paralegal's fees are reasonable, I recommend granting his motion and awarding him the requested attorney's and paralegal's fees. I recommend leaving to the Commissioner's discretion whether to accept his assignment of EAJA fees to his attorneys after determining if he owes a federal debt.

**Recommendation***

I recommend:

1. **granting** Harbin's EAJA request, Doc. 24;

2. **awarding** him **$3947.82** in attorney's and paralegal's fees; and

3. **directing** the Clerk of Court to enter judgment in favor of Harbin and against the Commissioner for **$3947.82** in attorney's and paralegal's fees.

**Entered** in Jacksonville, Florida, on April 14, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record

---

*"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.